# EXHIBIT 1

NOT ORIGINAL DOCUMENT
04/29/2022 11:30:18 AM
87453-1

COMMONWEALTH OF KENTUCKY
KENTON CIRCUIT COURT
CIVIL ACTION NO.: 22-CI-_____
DIVISION _____
*Electronically Filed*

CAROLYN HELTON                                                         PLAINTIFF

v.

ROBERT L. NUTT
    **Serve via Kentucky Secretary of State**:
    Robert L. Nutt
    944 Chateau Ave., Apt. 12
    Cincinnati, OH 45204

and

CUSTOM HOME ELEVATOR & LIFT CO., INC.
    **Serve via Certified Mail**:
    David J. Hand, registered agent
    2333 Alexandria Dr.
    Lexington, KY 40504

and

TRAVELERS INDEMNITY COMPANY                                  DEFENDANTS
    **Service via Certified Mail:**
    Corporation Service Company
    421 W. Main St.
    Frankfort, KY 40601

---

**COMPLAINT**

---

    Plaintiff, Carolyn Helton, for her Complaint against Defendants, Robert L. Nutt, Custom Home Elevator & Lift Co., Inc. and Travelers Indemnity Company, state as follows:

**PARTIES, JURISDICTION, AND VENUE**

    1.    Plaintiff, Carolyn Helton, is a citizen and resident of the Commonwealth of Kentucky, residing at 26 White Oak Court, Apt. 59, Somerset, KY 42501.

1

NOT ORIGINAL DOCUMENT
04/29/2022 11:30:18 AM
87453-1

2.      At all relevant times, Defendant, Robert L. Nutt ("Defendant Nutt"), is a citizen and resident of the State of Ohio, residing at 944 Chateau Ave., Apt. 12, Cincinnati, OH 45204, and can receive service at that address through the Kentucky Secretary of State.

3.      At all relevant times, Defendant, Custom Home Elevator & Lift Co., Inc. ("Defendant Custom Home Elevator & Lift"), is an Ohio corporation incorporated and existing under the laws of the State of Ohio, with its principal place of business located at 11431 Williamson Rd. Ste. B, Cincinnati, OH 45241.

4.      Upon information and belief, Defendant Custom Home Elevator & Lift has designated David J. Hand as its registered agent of process, who can receive service at 2333 Alexandria Dr., Lexington, KY 40504.

5.      At all relevant times, Defendant Nutt, was the employee, agent, servant, and/or statutory employee for Defendant Custom Home Elevator & Lift, operating for the benefit of, in furtherance of the interests of and/or within the course and scope of his employment with Defendant Custom Home Elevator & Lift.  Accordingly, Defendant Custom Home Elevator & Lift is vicariously liable for the acts of Defendant Nutt.

6.      Upon information and belief, Defendant, Travelers Indemnity Company ("Defendant Travelers"), is an insurance company formed under the laws of the State of Connecticut  and is an authorized insurer in the Commonwealth of Kentucky holding a Kentucky Insurance Certificate of Authority with a principal office address of One Tower Square, Hartford, CT 06183, and has designated Corporation Service Company as its registered agent for service of process in the Commonwealth of Kentucky.

2

NOT ORIGINAL DOCUMENT
04/29/2022 11:30:18 AM
87453-1

7.      On or about July 15, 2020, Defendant Travelers insured the Plaintiff with a policy of Underinsured Motorist Coverage insurance, Policy Number 603812867 203 1 (the "Policy"), which was in full force and effect on the date of the collision.

8.      The amount in controversy exceeds the minimum amount necessary to establish the jurisdiction of this Court.

9.      Venue is appropriate because the tractor-trailer collision giving rise to this lawsuit occurred in Covington, Kenton County, Kentucky, on July 15, 2020.

<u>**COUNT I – COMMON LAW NEGLIGENCE**</u>
<u>**AGAINST DEFENDANTS NUTT AND CUSTOM HOME ELEVATOR & LIFT**</u>

10.     On or about July 15, 2020, in Covington, Kenton County, Kentucky, Defendant Nutt was operating a 2017 Ford Transit, and traveling southbound on I75 S.

11.     Upon information and belief, the 2017 Ford Transit was operated by Defendant Nutt on behalf of his employer, Defendant Custom Home Elevator & Lift.

12.     As Defendant Nutt was traveling southbound on I75, he began to merge into the right-hand lane. As he prepared to merge, he failed to notice stopped traffic in front of him. Suddenly and without warning he struck the rear of a 2014 Ford Edge directly in front of him, in which Plaintiff was the restrained operator. The force of the impact caused Plaintiff's vehicle to lunge forward, striking the rear of the vehicle stopped in front of her.

13.     Defendant Nutt operated the 2017 Ford Transit in a negligent, careless, and reckless manner, causing serious injuries to Plaintiff, for which Defendant Custom Home Elevator & Lift vicariously liable.

14.     As a direct and proximate result of the gross negligence and carelessness of Defendants Nutt and Custom Home Elevator & Lift, the Plaintiff, Carolyn Helton, sustained temporary and permanent injuries to her body, causing great physical and mental pain and anguish,

Presiding Judge: HON. PATRICIA M. SUMME (616123)

COM : 000003 of 000009

3

NOT ORIGINAL DOCUMENT
04/29/2022 11:30:18 AM
87453-1

including the loss of enjoyment of life and impairment of earning capacity, and Plaintiff, Carolyn Helton, will continue to suffer such damages in the future, as her injuries are permanent in nature, and incurred large sums of money for physicians and medical expenses in treatment; and is at the increased likelihood of future complications due to the severity and permanent nature of her injuries.

<u>**COUNT II – NEGLIGENCE *PER SE***</u>
<u>**AGAINST DEFENDANTS NUTT AND CUSTOM HOME ELEVATOR & LIFT**</u>

15.    Plaintiff adopts and reiterates each and every allegation above, as if set out fully in this paragraph.

16.    Defendant Nutt violated state and federal statutes and regulations, including but not limited to KRS 189.290, KRS 189.330, 189.338, KRS 189.390, 601 KAR 1:005 and 49 C.F.R. §§ 350-399, which were promulgated to protect the safety of a class of people that includes Plaintiff, and constitutes negligence *per se* pursuant to KRS 446.070 and Kentucky case law, for which Defendant Custom Home Elevator & Lift is vicariously liable.

17.    The injuries sustained by Plaintiff are of the type which these statutes seek to prevent and that such injuries were proximately caused by Defendant Nutt's violation of these statutes, for which Defendant Custom Home Elevator & Lift is vicariously liable.

18.    As a direct and proximate result of the gross negligence and negligence *per se* of Defendants Nutt and Custom Home Elevator & Lift, the Plaintiff, Carolyn Helton, sustained temporary and permanent injuries to her body, causing great physical and mental pain and anguish, including the loss of enjoyment of life and impairment of earning capacity, and Plaintiff, Carolyn Helton, will continue to suffer such damages in the future, as her injuries are permanent in nature, and incurred large sums of money for physicians and medical expenses in treatment; and is at the increased likelihood of future complications due to the severity and permanent nature of her injuries.

<u>**COUNT III – NEGLIGENT HIRING, TRAINING, SUPERVISING**</u>

4

Presiding Judge: HON. PATRICIA M. SUMME (616123)

COM : 000004 of 000009

NOT ORIGINAL DOCUMENT
04/29/2022 11:30:18 AM
87453-1

**AND ENTRUSTMENT AGAINST DEFENDANT CUSTOM HOME ELEVATOR &
LIFT**

19.     Plaintiff adopts and reiterates each and every allegation above, as if set out fully in this paragraph.

20.     Defendant Custom Home Elevator & Lift had a duty to act reasonably in hiring, instructing, training, supervising and retaining its drivers and other employees and agents, including Defendant Nutt, and to promulgate and enforce policies, procedures, and rules to ensure that its drivers and vehicles were reasonably safe.

21.     Defendant Custom Home Elevator & Lift had a duty to exercise reasonable care in entrusting its vehicles and equipment to responsible, competent, and qualified drivers.

22.     Defendant Custom Home Elevator & Lift was negligent, careless and reckless with regard to the duties set forth above, causing serious injury to Plaintiff, for which it is directly liable.

23.     Defendant Custom Home Elevator & Lift violated state and federal statutes and regulations, including but not limited to KRS 189.224, 601 KAR 1:005 and 49 C.F.R. §§ 350-399, which were promulgated to protect the safety of a class of people that includes Plaintiff, and constitutes negligence *per se* pursuant to KRS 446.070 and Kentucky case law, for which it is directly liable.

24.     As a direct and proximate result of the gross negligence, carelessness, and recklessness of Defendants Nutt and Custom Home Elevator & Lift, the Plaintiff, Carolyn Helton, sustained temporary and permanent injuries to her body, causing great physical and mental pain and anguish, including the loss of enjoyment of life and impairment of earning capacity, and Plaintiff, Carolyn Helton, will continue to suffer such damages in the future, as her injuries are permanent in nature, and incurred large sums of money for physicians and medical expenses in treatment; and is at

Presiding Judge: HON. PATRICIA M. SUMME (616123)

COM : 000005 of 000009

NOT ORIGINAL DOCUMENT
04/29/2022 11:30:18 AM
87453-1

the increased likelihood of future complications due to the severity and permanent nature of her injuries.

## COUNT IV – PUNITIVE DAMAGES AGAINST DEFENDANT NUTT AND DEFENDANT CUSTOM HOME ELEVATOR & LIFT

25.     Plaintiff adopts and reiterates each and every allegation above, as if set out fully in this paragraph.

26.     Defendant Custom Home Elevator & Lift and Defendant Nutt acted recklessly, wantonly and/or with extreme indifference or reckless disregard for the consequences of their actions as well as exhibiting a reckless disregard for the life, safety and health of others, including Plaintiff, warranting the imposition of punitive damages pursuant to KRS 411.184 and 411.186.  Furthermore, punitive damages are supported by Kentucky's declaration that tractor-trailers endanger the lives and safety of the traveling public, which includes Plaintiff, pursuant to KRS 189.670, which states:

> It is hereby declared to be the public policy of this state that heavy motor trucks, alone or in combination with other vehicles, increase the cost of highway construction and maintenance, interfere with and limit the use of highways for normal traffic thereon, and endanger the safety and lives of the traveling public, and that the regulations embodied in this chapter with respect to motor trucks, semitrailer trucks and semitrailers are necessary to achieve economy in highway costs, and to permit the highways to be used freely and safely by the traveling public.

27.     Defendant Custom Home Elevator & Lift and Defendant Nutt acted recklessly, wantonly and/or with extreme indifference or reckless disregard for the consequences of their actions, as well as exhibiting a reckless disregard for the life, safety and health of others, including Plaintiff, as set forth above, so as to warrant the imposition of punitive damages.

28.     The imposition of punitive damages is necessary to serve as a deterrent effect to Defendants Custom Home Elevator & Lift and Nutt, and all others similarly situated.

## COUNT VII – UNDERINSURED MOTORIST BENEFITS CLAIM AGAINST DEFENDANT TRAVELERS

Presiding Judge: HON. PATRICIA M. SUMME (616123)

COM : 000006 of 000009

6

NOT ORIGINAL DOCUMENT
04/29/2022 11:30:18 AM
87453-1

29.     Plaintiff adopts and reiterates each and every allegation above, as if set out fully in this paragraph.

30.     The collision referred to in Paragraphs 10-14 was the result of the negligence and negligence *per se* of Defendants Nutt and Custom Home Elevator & Lift Co.

31.     As a result of the negligence and negligence *per se* of Defendants Nutt and Custom Home Elevator & Lift Co., the Plaintiff suffered severe and permanent injuries.

32.     As a result of Plaintiff's severe and permanent injuries as a result of the July 15, 2020 collision, they have incurred reasonable and necessary medical and related expenses, and in the future will incur additional reasonable and necessary medical expenses, have lost time from work, have endured physical pain and mental suffering, and in the future will endure additional physical pain and mental suffering, and her ability to earn money have been impaired, all to her damage in amounts in excess of the minimal jurisdictional amount of this Court.

33.     On or about July 15, 2020, Defendant, Travelers insured the Plaintiffs with a policy of Underinsured Motorist Coverage insurance, Policy Number 603812867 203 1 (the "Policy"), which was in full force and effect on the date of the collision.

34.     Pursuant to the terms of the insurance policy referred to in Paragraph 33, Plaintiff are entitled to Underinsured Motorist Coverage ("UIM").

35.     Defendant Travelers has in its custody and control a copy of the insurance policy and, therefore, it is not attached to the Complaint.

36.     Defendant Travelers provided UIM coverage to Plaintiff, which applies to the above-referenced collision of July 15, 2020.

37.     Defendant Nutt was an underinsured motorist.

Presiding Judge: HON. PATRICIA M. SUMME (616123)

COM : 000007 of 000009

7

Filed            22-CI-00580    04/15/2022        John C. Middleton, Kenton Circuit Clerk

NOT ORIGINAL DOCUMENT
04/29/2022 11:30:18 AM
87453-1

38.     Upon information and belief, Plaintiff's injuries and damages exceed the limits available under Defendant Custom Home Elevator & Lift Co.'s insurance policy.

39.     Plaintiff is entitled to UIM benefits from Defendant Travelers to the extent provided by the Policy and by operation of law, arising out of the injuries and damages suffered as a result of the above-referenced collision.

**WHEREFORE**, Plaintiff, Carolyn Helton, demands judgment against Defendants Robert Nutt, Custom Home Elevator & Lift Inc., and Travelers Indemnity Company as follows:

A.  A trial by jury on all issues of fact herein;

B.  For actual, special, punitive, and compensatory damages permitted by law, in an amount greater than the jurisdictional minimum of this Court;

C.  For prejudgment interest from the date of the Plaintiff's injuries until such time the judgment is paid;

D.  For Plaintiff's costs herein expended; and

E.  For any and all other relief to which the Plaintiff is entitled.

Presiding Judge: HON. PATRICIA M. SUMME (616123)

COM : 000008 of 000009

Filed            22-CI-00580    04/15/2022        John C. Middleton, Kenton Circuit Clerk

NOT ORIGINAL DOCUMENT
04/29/2022 11:30:18 AM
87453-1

## CERTIFICATION

This is to certify that pursuant to KRS 411.188(2), the undersigned attorneys have notified by certified mail all of those parties believed to possibly hold subrogation rights to any award received by the Plaintiff as a result of this action and that the failure to assert subrogation rights by intervention, pursuant to Kentucky Civil Rule 24, or otherwise will result in a loss of those rights with respect to any final award received by the Plaintiff as a result of this action.

The parties notified are as follows:

Medicare
NGHP
ATTN: Subrogation Department
P.O. Box 138832
Oklahoma City, OK 73113

Kentucky Medicaid
ATTN: Subrogation Department
P.O. Box 2110
Frankfort, KY 40602

RESPECTFULLY submitted this 15th day of April, 2022:

/s/ Shea W. Conley
SHEA W. CONLEY
Morgan & Morgan, Kentucky, PLLC
333 West Vine Street, Suite 1200
Lexington, KY 40507
Telephone: (859) 286-8364
Facsimile: (859) 899-8108
sconley@forthepeople.com
Counsel for Plaintiff

Presiding Judge: HON. PATRICIA M. SUMME (616123)

COM : 000009 of 000009

9

BDD44B8B-5A59-4ACA-9A0A-B86EAB2BA210 : 000001 of 000009

CASE NO. 22-CI-000786           JEFFERSON CIRCUIT COURT
DIVISION TWO (2)
JUDGE ANNIE O'CONNELL

*Electronically Filed*

JOYCE BRIGGS                                 PLAINTIFF

v.      **DEFENDANT, ASPEN CREEK OPERATING COMPANY LLC'S**
**ANSWER TO PLAINTIFF'S COMPLAINT**

ASPEN CREEK OPERATING COMPANY LLC          DEFENDANT

\* \* \* \* \*

Comes the Defendant, Aspen Creek Operating Company LLC (incorrectly identified in Plaintiff's Complaint as Aspen Creek Operating Company, LLC d/b/a Aspen Creek Grill) (hereinafter "Aspen Creek"), by counsel, and for its Answer to Plaintiff's Complaint, hereby states as follows:

## FIRST DEFENSE

The Complaint fails to state a claim against Aspen Creek, either in whole or in part, upon which relief can be granted.

## SECOND DEFENSE

1.      Aspen Creek is without sufficient knowledge or information to either affirm or deny the allegations contained in Paragraph 1 of Plaintiff's Complaint and therefore denies same.

2.      Aspen Creek denies that allegations contained in Paragraph 2 of Plaintiff's Complaint as stated. However, Aspen Creek admits that it operates a restaurant located at 302 Bullitt Lane, Louisville, Kentucky.

ANS : 000001 of 000005

3.      The allegations contained in Paragraph 3 of Plaintiff's Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, Aspen Creek denies the allegations contained therein.

4.      The allegations contained in Paragraph 4 of Plaintiff's Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, Aspen Creek denies the allegations contained therein.

5.      In response to Paragraph 5 of Plaintiff's Complaint, Aspen Creek adopts and incorporates its responses and affirmative defenses to the allegations contained in Paragraph 1-4 of Plaintiff's Complaint.

6.      The allegations contained in Paragraph 6 of Plaintiff's Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, Aspen Creek denies the allegations contained therein.

7.      The allegations contained in Paragraph 7 of Plaintiff's Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, Aspen Creek denies the allegations contained therein.

8.      Aspen Creek denies the allegations contained in Paragraph 8 of Plaintiff's Complaint.

9.      Aspen Creek denies the allegations contained in Paragraph 9 of Plaintiff's Complaint.

10.     Aspen Creek denies the allegations contained in Paragraph 10 of Plaintiff's Complaint.

11.     Aspen Creek denies the allegations contained in Paragraph 11 of Plaintiff's Complaint.

2

12.     Aspen Creek denies the allegations contained in Paragraph 12 of Plaintiff's Complaint.

13.     Any and all other allegations in Plaintiff's Complaint which are not specifically admitted herein are denied.

### THIRD DEFENSE

Plaintiff's injuries and/or damages, if any, were caused in whole or in part by her own negligence and/or the negligence of a third-party for whom Aspen Creek is not responsible, but for which said injuries and/or damages, if any, would not have occurred.

### FOURTH DEFENSE

Plaintiff's injuries and/or damages, if any, were the result of an open and obvious condition, which bars the claims asserted herein, either in whole or in part.

### FIFTH DEFENSE

Plaintiff's claims may be barred in whole or in part by the applicable statute of limitations.

### SIXTH DEFENSE

Plaintiff's claims may be barred by the terms and conditions contained in any and all contracts associated with the subject property.

### SEVENTH DEFENSE

Plaintiff may have failed to name indispensable parties to this action and Aspen Creek relies upon same as an affirmative defense.

**EIGHTH DEFENSE**

Plaintiff's damages, if any, may have been caused in whole or in part by the active and primary negligence, or the intervening or superseding negligence, of third parties over whom Aspen Creek had no control and for which Aspen Creek has no liability.

**NINTH DEFENSE**

Plaintiff assumed the risk for any alleged injuries and/or damages she claims to have suffered as a result of her alleged fall and Aspen Creek relies upon same as an affirmative defense.

**TENTH DEFENSE**

Plaintiff may have failed to mitigate her alleged damages, if any, and Aspen Creek relies upon same as an affirmative defense.

**ELEVENTH DEFENSE**

Aspen Creek provisionally pleads as affirmative defenses those defenses of CR 8.03 as if fully restated herein, said defenses applicability to be determined during discovery and Aspen Creek reserves the right to assert additional defenses, whether affirmative or otherwise about which it presently lacks sufficient knowledge or information but which may become available during the course of this litigation through discovery and other means.

WHEREFORE, the Defendant, Aspen Creek Operating Company LLC, by counsel, respectfully demands as follows:

1.    That Plaintiff's Complaint against it be dismissed with prejudice;

2.    For its costs expended herein including reasonable attorney's fees;

3.    For a trial by jury on all issues so triable; and

4.      For any and all other relief, legal or equitable, to which it may appear

entitled.

Respectfully submitted,

SCHILLER BARNES MALONEY PLLC

*/s/ Blake V. Edwards*

_____

Blake V. Edwards, Esq.
Daniel I. Wenig, Esq.
401 West Main Street, Suite 1600
Louisville, KY 40202
PH: (502) 625-1703
FAX: (502) 779-9348
bedwards@sbmkylaw.com
dwenig@sbmkylaw.com
*Counsel for Defendant*

## CERTIFICATE OF SERVICE

This will certify that a true and correct copy of the foregoing has been electronically
filed with the Ky. e-Filing system on this 9th day of March, 2022, and electronic notice of
same will be sent to the following Counsel of record:

Bryan R. Armstrong, Esq.
401 W. Main Street, Suite 1900
Louisville, KY 40202
bryan@barmstronglawyer.com
*Counsel for Plaintiff*

*/s/ Blake V. Edwards*

_____

SCHILLER BARNES MALONEY PLLC